**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000608**
**23-NOV-2012**
**09:54 AM**

NO. CAAP-11-0000608

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ADAM E. FLORENCE, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0455)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)


Defendant-Appellant Adam E. Florence, Jr. (**Florence**) appeals from a July 15, 2011, Circuit Court of the First Circuit (**Circuit Court**) Judgment of Conviction and Sentence (**Judgment**) for: (1) Attempted Murder in the Second Degree, and (2) Carrying or Use of a Firearm in the Commission of a Separate Felony.[1]

On March 24, 2010, Florence was charged with: (1) Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500 (1993), 707-701.5 (1993), and 706-656 (1993 & Supp. 2011) (**Count One**); (2) Carrying or Use of a Firearm in the Commission of a Separate Felony, in violation of HRS § 134-21 (2011) (**Count Two**); and (3) Terroristic Threatening in the First Degree, in violation of HRS § 707-716 (1993 & Supp. 2011) (**Count Three**). On April 18, 2011, a jury found Florence guilty of Counts One and Two, and not guilty of Count Three.

---

[1]    The Honorable Michael D. Wilson presided.

On appeal, Florence raises a single point of error, contending that the prosecutor engaged in misconduct by making two improper remarks during closing argument.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Florence's point of error as follows:

> [W]henever a defendant alleges prosecutorial misconduct, [the appellate court] must decide: (1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution.

State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005).

The harmless beyond a reasonable doubt standard "requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (citations omitted). This Court will grant a new trial or set aside a guilty verdict only where the prosecutorial misconduct has "caused prejudice to the defendant's right to a fair trial." State v. McGriff, 76 Hawai'i 148, 158, 871 P.2d 782, 792 (1994). We consider three factors when determining whether the alleged prosecutorial misconduct reached the level of reversible error: "[1] the nature of the alleged misconduct, [2] the promptness or lack of a curative instruction, and [3] the strength or weakness of the evidence against the defendant." State v. Agrabante, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992).

"Where a defendant fails to object to a prosecutor's statement during closing argument, appellate review is limited to a determination of whether the prosecutor's alleged misconduct amounted to plain error." State v. Iuli, 101 Hawai'i 196, 204, 65 P.3d 143, 151 (2003). This Court "will apply the plain error standard of review to correct errors which seriously affect the

fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (citations omitted).

The first alleged impropriety was when the prosecutor argued to the jury:

> The State submits to you, do not give defendant any credit for what he's failed to do. He did everything he could at that time to carry out his intent. It's just circumstances that were beyond his control, perhaps somebody up above was looking after Joellen.

Defense counsel did not object to the prosecutor's statement. Because Florence did not object to the prosecutor's comment during closing argument about somebody up above looking after Joellen, this Court "must determine whether the prosecutor's comment was improper and, if so, whether such misconduct constituted plain error that affected [Florence's] substantial rights." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996) (citations omitted).

A prosecutor is afforded "wide latitude . . . in discussing the evidence." Clark, 83 Hawai'i at 304, 926 P.2d at 209 (citations omitted). However, "arguments that rely on racial, religious, ethnic, political, economic, or other prejudices of the jurors introduce into the trial elements of irrelevance, irrationality, and unfairness that cannot be tolerated." Rogan, 91 Hawai'i at 424, 984 P.2d at 1250 (emphasis added). Although the cases cited by Florence involve much more religiously explicit statements than here, the prosecutor's statement that "perhaps somebody up above was looking after Joellen[]" appears to be an improper and irrelevant religious reference. Id.

Nevertheless, this comment does not warrant the plain error relief that Florence seeks in light of the nature of the conduct, curative instructions, and strength of the evidence against Florence. See Iuli, 101 Hawai'i at 208, 65 P.3d at 155.

3

The prosecutor's vague, fleeting reference to a higher power was not overtly religious, did not specifically mention God or the Bible, and was not egregious or inflammatory. In addition, the Circuit Court clearly instructed the jury to not be influenced by passion or prejudice against Florence:

> You must not be influenced by pity for the defendant, or by passion or prejudice against the defendant. Both the prosecution and the defendant have a right to demand, and they do demand and expect that you will conscientiously and dispassionately consider and weigh all of the evidence and follow these instructions, and that you will reach a just verdict.

In addition, the Circuit Court made clear to the jury that, in reaching its verdict, it should not consider closing arguments made by counsel to be part of the evidence:

> You must consider only the evidence which has been presented to you in this case and such inferences therefrom as may be justified by reason and common sense. . . .
>
> Statements or remarks made by counsel are not evidence.

There is no reason to believe, under the circumstances of this case, that the jury did not follow the Circuit Court's instructions. See State v. Knight, 80 Hawai'i 318, 327, 909 P.2d 1133, 1142 (1996) (citations omitted) (stating that "[a]s a rule, juries are presumed to . . . follow all of the trial court's instructions."). Accordingly, the Circuit Court's clear and cogent instructions cured any impropriety.

Finally, there was ample, strong evidence against Florence. For example, Florence admitted that he "[w]ent in there, trying to get [Joellen's] attention and load the gun up, and I don't know why, I put it up on the side of her head, and I pulled the trigger." Ariel also corroborated Joellen's story, testifying that Florence "put[] a finger to my temple and said he should put a bullet through my head, too." Furthermore, it was uncontested that Florence and Joellen got into an intense argument immediately before Joellen was injured, which provided evidence supporting Florence's intent to shoot her.

The second allegedly improper statement was as follows:

We don't give him credit for not achieving his goal by circumstances that intervened, that prevented him from doing so. We don't give him a break just because she's still alive today. That is not any thanks to him.

That is why you need to hold him fully responsible for everything he's done and not giving [sic] him any breaks, which they are asking for.

Florence's objection to this argument was overruled by the Circuit Court.

"It is [] within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence." Clark, 83 Hawaiʻi at 304-05, 926 P.2d at 209-10 (citation omitted). The prosecutor's statement to the jury that "you need to hold [Florence] fully responsible for everything he's done and not giving [sic] him any breaks, which they are asking for[]" was not improper because the prosecutor was commenting on the evidence and presenting reasonable conclusions to be drawn from the evidence. The prosecutor's use of the word "breaks" referenced the prosecutor's argument that the evidence presented at trial proved beyond a reasonable doubt that Florence was guilty of attempted murder and that if Florence was convicted of an included offense he would be receiving a "break" in light of the evidence. The prosecutor explained to the jury that the evidence supported an attempted murder conviction: "For you to consider the [included offenses], you're ignoring everything he's done, loading the firearm, using the firearm, pointing the firearm to her head and pulling the trigger and injuring her."

In State v. Ganal, 81 Hawaiʻi 358, 917 P.2d 370 (1996), the Hawaiʻi Supreme Court found that a prosecutor's closing remarks, such as "what gives him the right," "excuse," "not being held accountable," and "stand up like a man," were not improper because "the prosecutor was merely cautioning the jury not to excuse [the defendant's] conduct out of sympathy and was

characterizing [the defendant's] expert's theories as invitations to give [the defendant] a 'break,' even though the proffered defense did not apply." Id. at 389, 917 P.2d at 377. Similarly, here, the prosecutor's statement was not improper because the prosecutor was merely cautioning the jury not to excuse Florence's conduct because Joellen is still alive and was characterizing Florence's theory, including his EMED defense, as an invitation to give Florence a break in light of the evidence proving his guilt. See Ganal, 81 Hawai'i at 389, 917 P.2d at 377. Accordingly, we conclude that the prosecutor's argument was not improper.

For these reasons, the Circuit Court's July 15, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i, November 23, 2012.

On the briefs:

John M. Tonaki
Public Defender
Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
Donn Fudo
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge